# Arnold & Porter

**Elisabeth Theodore**
+1 202.942.5891 Direct
Elisabeth.Theodore@arnoldporter.com

June 30, 2025

**VIA CM/ECF**

Mr. Clifton Cislak
Clerk of the Court
United States Court of Appeals
for the D.C. Circuit
333 Constitution Avenue, NW
Washington, DC 20001

Re:   *LeBlanc v. Privacy and Civil Liberties Oversight Board*, No. 25-5197

Dear Mr. Cislak:

Nothing in *Kennedy v. Braidwood Management, Inc.*, No. 24-316 (U.S. June 27, 2025), displaces this Court's precedent that Congress may clearly restrict removal of members of multimember, independent agencies "in the plain text of a statute" *or* "through the statutory structure and function of an office." *Severino v. Biden*, 71 F.4th 1038, 1044 (D.C. Cir. 2023). Nor does anything in that decision undermine the district court's determination here that the "statutory text as a whole," as well as the PCLOB's "structure" and "function," unmistakably protect members from removal at will. Op.24, 38. *Braidwood* held that, for members of an inferior task force situated within another executive agency, who were not appointed with the advice and consent of the Senate, "[t]he word 'independent' alone in a statute does not make an officer removable only for cause." Slip op. 18-20, 27. Appellees do not rely on that word alone.

Moreover, the Court recognized that Congress expressly subjected task force members to political control by insulating them from political pressure only "*to the extent practicable*." *Id.* at 21. No similar qualifying language is present in the PCLOB's organic statute, which emphasizes at every turn that the PCLOB serves as part of the "checks and balances" on the Executive's counterterrorism activities by enabling Congressional oversight. 42 U.S.C. § 2000ee(b)(2). And *Braidwood* involved no statutory history akin to the history here, where Congress deleted language authorizing at-will removal and presidential "supervision." *Braidwood*, to the contrary, confirms that Congress's deletion of the "supervision" language would be nugatory if PCLOB members were removable at will. Slip op. 12-13.

Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW   |   Washington, DC 20001-3743   |   www.arnoldporter.com

**Arnold & Porter**

Mr. Clifton Cislak
June 30, 2025
Page 2

*Braidwood* also demonstrates that the government cannot establish irreparable harm to the President's Article II authority because it has never asserted that removal restrictions here violate Article II. In that sense, the PCLOB more closely resembles the pre-Affordable Care Act task force, which "made only non-binding recommendations." *Braidwood*, slip op. 9. The PCLOB has no power to bind anyone, and unlike the *Braidwood* task force, its recommendations carry no legal force and it plays no role in executing the law on the President's behalf.

Sincerely,

*/s/ Elisabeth Theodore*
Elisabeth Theodore

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because it contains 345 words. The foregoing complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 32 because it has been prepared in a proportionally spaced typeface using Microsoft Word 12-point Times New Roman typeface.

*/s/ Elisabeth Theodore*
Elisabeth Theodore