**No. 25-5197**  **September Term, 2024**

1:25-cv-00542-RBW

Filed On: July 1, 2025

Travis LeBlanc and Edward Felten,

       Appellees

    v.

United States Privacy and Civil Liberties
Oversight Board, et al.,

       Appellants

       **BEFORE:** Katsas, Rao, and Walker, Circuit Judges

**O R D E R**

Upon consideration of the motion for a stay pending appeal and an administrative stay, the opposition thereto, the reply, the Rule 28(j) letter, and the response thereto, it is

**ORDERED** that the motion for a stay pending appeal be granted and that the district court's order entered on May 21, 2025, be stayed pending further order of the court. Appellants have satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2024).

This appeal presents the question whether Congress has restricted the President's power to remove members of the Privacy and Civil Liberties Oversight Board (PCLOB). The President removed PCLOB members Travis LeBlanc and Edward Felten. The district court held that the removals were unlawful. LeBlanc v. U.S. Priv. & C.L. Oversight Bd., No. 25-cv-542, 2025 WL 1454010 (D.D.C. May 21, 2025). The government appealed and moved for a stay. Because it has met its burden under Nken, 556 U.S. at 426, we grant the stay.

Likelihood of Success on the Merits. The PCLOB is in the Executive Branch, 42 U.S.C. § 2000ee(a), and the President appoints its members with the Senate's advice and consent, id. § 2000ee(h)(1). Because PCLOB members report to nobody except the President, they are principal officers of the United States. See Edmond v. United

States, 520 U.S. 651, 662-63 (1997).  Generally, such appointees must serve at the President's pleasure.  Trump v. United States, 603 U.S. 593, 608-09 (2024); Myers v. United States, 272 U.S. 52, 162 (1926).  The Supreme Court has recognized a narrow exception for certain officers who serve on "multimember expert agencies that do not wield substantial executive power."  Seila L. LLC v. CFPB, 591 U.S. 197, 218 (2020); see Humphrey's Ex'r v. United States, 295 U.S. 602, 628 (1935).  But a statute "must use 'very clear and explicit language'" to restrict the President's removal power.  Kennedy v. Braidwood Management, Inc., 606 U.S. ___, ___ (June 27, 2025) (slip op. at 19) (quoting Shurtleff v. United States, 189 U.S. 311, 315 (1903)) ("mere inference or implication does not suffice" (cleaned up)); see Severino v. Biden, 71 F.4th 1038, 1044 (D.C. Cir. 2023) ("Congress must make it clear in a statute if it wishes to restrict the President's removal power.").  PCLOB's organic statute contains no language restricting the President's removal power.

Nor does the statutory scheme support inferring such a restriction.  The Supreme Court occasionally has "read a removal restriction into" the governing statute, but only for officials serving on an "adjudicatory body" with "a unique need for 'absolute freedom from Executive interference.'"  Collins v. Yellen, 594 U.S. 220, 250 n.18 (2021) (quoting Wiener v. United States, 357 U.S. 349, 353 (1958)); see Wiener, 357 U.S. at 353-56 (members of the War Claims Commission, a non-Article III court).  Where the officials at issue do not have such adjudicatory functions, they enjoy no implied removal protection.  See Severino, 71 F.4th at 1049 (members of Administrative Conference of the United States); Collins, 594 U.S. at 247-50, 250 n.18 (Acting Director of the Federal Housing Finance Agency) ("The FHFA is not an adjudicatory body, so Shurtleff, not Weiner, is the more applicable precedent."); Shurtleff, 189 U.S. at 315-19 (general appraisers of merchandise); Parsons v. United States, 167 U.S. 324, 327-28, 338-39 (1897) (United States Attorneys).  The PCLOB does not adjudicate cases.  Its function is to analyze executive-branch actions and to advise the President and Congress.  42 U.S.C. § 2000ee(c)-(f).  Because PCLOB is not an adjudicatory tribunal, its members do not have implied protection from at-will removal by the President.

Irreparable Injury Absent a Stay.  Injunctions that require the President to work with removed principal officers interfere with his constitutional power to supervise the Executive Branch.  Such interference is "obviously disruptive" and inflicts irreparable injury.  Sampson v. Murray, 415 U.S. 61, 83 (1974); Dellinger v. Bessent, No. 25-5052, 2025 WL 887518, at *3 (D.C. Cir. Mar. 10, 2025) (per curiam).  So in Trump v. Wilcox, 145 S. Ct. 1415 (2025) (per curiam), the Supreme Court stayed preliminary injunctions effectively reinstating removed members of the National Labor Relations Board and the Merit Systems Protection Board to "avoid the disruptive effect of the repeated removal and reinstatement of officers" while litigation is ongoing.  Id. at 1415.

<u>Harm to Others.</u>  Granting the stays in <u>Wilcox</u>, the Supreme Court concluded that "the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty."  145 S. Ct. at 1415.  We can discern no reason why this balance would be different in the case of removed PCLOB members than it is in cases of removed NLRB or MSPB members.

<u>Public Interest.</u>  The public interest is harmed when an injunction wrongfully insulates the President's Executive Branch appointees from his oversight.  Such injunctions sever a key constitutional link between the People and their elected President.  <u>See</u> <u>Seila L. LLC v. CFPB</u>, 591 U.S. 197, 224 (2020).  LeBlanc and Felten counter that their removals would deprive PCLOB of a quorum, preventing the agency from performing its statutory duties.  But the Supreme Court, when pressed with similar arguments in <u>Wilcox</u>, nonetheless stayed orders restoring the removed officers.  Cathy A. Harris's Opp'n to Appl. for a Stay at 36-37, <u>Wilcox</u>, No. 24A966, 145 S. Ct. 1415 (Apr. 15, 2025); Resp. of Gwynne A. Wilcox in Opp'n to the Appl. for a Stay at 26-27, No. 24A966, <u>Wilcox</u>, 145 S. Ct. 1415 (Apr. 15, 2025).  We do the same here.

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:   /s/
      Scott H. Atchue
      Deputy Clerk