**[NOT YET SCHEDULED FOR ORAL ARGUMENT]**
No. 25-5197

# In the United States Court of Appeals for the District of Columbia Circuit

TRAVIS LEBLANC and EDWARD FELTEN,

*Appellees*,

*v.*

UNITED STATES PRIVACY AND CIVIL LIBERTIES OVERSIGHT BOARD, et al.,

*Appellants*.

On Appeal from the U.S. District Court
for the District of Columbia, No. 1:25-cv-00542-RBW
(Hon. Reggie B. Walton)

**APPELLEES' MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT**

Caleb Thompson
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th St.
New York, NY 10019
(212) 836-8000
Caleb.Thompson@arnoldporter.com

Elisabeth S. Theodore
Daniel R. Yablon
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
Elisabeth.Theodore@arnoldporter.com
Daniel.Yablon@arnoldporter.com

*Counsel for Appellees Travis LeBlanc and Edward Felten*

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Plaintiffs-Appellees respectfully request that the Court expedite briefing and oral argument in this case. The district court granted summary judgment to Appellees, holding that their purported termination as Board members of the Privacy and Civil Liberties Oversight Board was unlawful. Last week—and over a month after this appeal was filed—the motions panel granted a stay pending appeal. In light of the stay, expedited briefing and argument is necessary to ensure that plaintiff-appellee Edward Felten is not effectively denied the chance for any meaningful relief—his term expires in January 2026, before the Court will likely be able to render decision on a normal briefing schedule. In addition, expedition is the only way to allow the Board a chance to issue its forthcoming report on Section 702 of the Foreign Intelligence Surveillance Act before Congress decides whether to reauthorize the program in 2026.

Appellees accordingly request that this Court order Appellants to file their opening brief on July 25, 2025; Appellees to file their response on August 8, 2025; and Appellants to file their reply by August 15, 2025. Appellees also request that the Court direct the clerk to set oral argument at the earliest available date following the close of briefing. Appellants oppose this motion and plan to file a response on or before July 16, 2025.

In support of this motion, Appellees state as follows:

1

1. This appeal arises from a May 21, 2025 district court order reinstating Appellees to their positions on the Privacy and Civil Liberties Oversight Board ("PCLOB" or "the Board") after they were illegally terminated by President Trump. The district court held that the "statutory text as a whole," as well as the PCLOB's "structure" and "function," "clearly indicate that Congress intended to" protect Board members from at-will removal. D.Ct.Op.2, 24, 38 (ECF 24); *see also* ECF 25. The government has never argued that removal protections in this context violate Article II of the Constitution.

2. Congress created the PCLOB in 2004 to ensure "checks and balances" on the expansive new national security authorities the Executive Branch received following September 11. 42 U.S.C. § 2000ee. The PCLOB plays a critical role in enabling Congress to perform its constitutionally-mandated oversight function and to prevent misuse of those authorities. The Board has issued a series of reports over the last decade, often at Congress's specific request, on government surveillance programs. D.Ct.Op.33-37. Many of these reports have identified civil liberties concerns, have been "weighed … heavily" by Congress, and have led to important reforms. *Id.*

3. The President purported to terminate Appellees on January 27, 2025. Appellee Edward Felten's term expires on January 29, 2026, and appellee Travis LeBlanc's term expires on January 29, 2028. Before the Board was deprived of a

2

quorum following Appellees' purported terminations, the Board was working on, among other things, a report on the controversial warrantless wiretapping program authorized by Section 702 of the Foreign Intelligence Surveillance Act ahead of the deadline for Congress to re-authorize or amend that program in April 2026. D.Ct.Op.15, 62.

4. Appellees filed this lawsuit on February 24, 2025 and moved for summary judgment on March 12, 2025, pursuant to an agreement with the government to expedite summary judgment briefing and decision and to avoid the need for Appellees to seek preliminary injunctive relief. ECF 9, ECF 11. The parties filed a Joint Motion for Expedited Consideration of Cross-Motions for Summary Judgment, with the government agreeing that expedition of both briefing and decision was appropriate. ECF 9 at 1-2. The district court granted the motion. ECF 11.

5. On May 21, after expedited briefing, the district court (Walton, J.) granted summary judgment to Appellees, and Appellees resumed their work on the Board. ECF 25.

6. One week later, the government appealed and moved for a stay pending appeal, which the district court denied. ECF 30 ("Stay Op."). Because the PCLOB exercises no executive power, the court found, the government would suffer no irreparable harm. Stay Op.5-6. And the balance of the equities cut against a stay

3

given the "substantial public interest in the effective oversight of the government's counterterrorism actions and authorities," including issuance of a report on Section 702 before Congress's re-authorization deadline. D.Ct.Op.61-62, 65; Stay Op.6.

7. On May 30, the government sought a stay in this Court. Over a month after the district court had entered final judgment, and Appellees had gone back to work, a special panel of this Court granted a stay. Order (July 1, 2025).

8. The next day, Appellees petitioned this Court for en banc review of the panel's stay decision; that petition is pending. Pet. for Rehearing (July 2, 2025).

9. As a consequence of the stay pending appeal, the Board once again lacks a quorum. This means the Board cannot issue new reports, including its report to Congress on Section 702 reauthorization.

10. Good cause exists to expedite consideration of this appeal. No schedule has yet been issued. Even if one is issued on Monday, July 14, briefing would not be complete until October 15 at the very earliest, with oral argument unlikely before December 2025 at the earliest. (If an ordinary schedule issued on July 14, the Appellants' brief would be due August 25, Appellees' brief would be due September 24, and the reply brief would be due October 15).

11. A regular briefing schedule would prevent any meaningful relief for Appellee Felten, whose term expires on January 29, 2026. Even if argument were held in December and Appellees were to win this appeal in January, Dr. Felten would

4

effectively be denied the relief of reinstatement to his position—which is the only available relief in this context.

12. In addition, as the district court found, "the PCLOB's statutory obligations are significantly impeded by the loss of quorum," especially with respect to the Board's time-sensitive work on its report in advance of Congress's April 2026 decision on Section 702 reauthorization. *See* D.Ct.Op.65. If oral argument is not held until December, Appellees will not be able to resume their work on the Section 702 report in time to complete it before the reauthorization deadline.

13. Appellees accordingly respectfully request that the Court expedite this appeal and enter the following briefing schedule:

> Appellants' Brief: July 25, 2025
>
> Joint Appendix: July 25, 2025
>
> Appellee's Response Brief: August 8, 2025
>
> Appellant's Reply Brief: August 15, 2025
>
> Argument: first available date following the close of briefing

14. This schedule is reasonable and fair: the issues presented here are legal, and the government has already briefed them extensively in the district court and in its motion for a stay in this Court. Moreover, the second issue the government has indicated that it will raise on appeal—relating to the availability of reinstatement—is one the government has already repeatedly briefed in this Court in the context of

5

other removal cases. The government is the party that sought a stay pending appeal; having done so, it should not be heard to oppose expedited consideration.

15. Appellees had no reason to move for this expedited schedule until now. They won in the district court, and were back working on the Board until the special panel's stay decision last week, which has provided good cause for expedition.[1]

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court grant this motion and expedite consideration of this appeal.

Dated: July 11, 2025

Caleb Thompson
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th St.
New York, NY 10019
(212) 836-8000
Caleb.Thompson@arnoldporter.com

Respectfully submitted,

/s/ Elisabeth S. Theodore
Elisabeth S. Theodore
Daniel R. Yablon
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
Elisabeth.Theodore@arnoldporter.com
Daniel.Yablon@arnoldporter.com

---

[1] Appellees had no reason to file this motion to expedite on the June 30 deadline for "procedural motions" because the special panel did not issue its decision until July 1.

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rules of Appellate Procedure 27(d)(2) and 32(g)(1), that the foregoing motion contains 1,263 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).  I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

Dated: July 11, 2025                           Respectfully submitted,

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Appellees Travis LeBlanc
and Edward Felten*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I caused the foregoing document to be electronically filed using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Appellees Travis LeBlanc and Edward Felten*