**[NOT YET SCHEDULED FOR ORAL ARGUMENT]**
No. 25-5197

# In the United States Court of Appeals for the District of Columbia Circuit

TRAVIS LEBLANC and EDWARD FELTEN,

*Appellees*,

*v.*

UNITED STATES PRIVACY AND CIVIL LIBERTIES OVERSIGHT BOARD, et al.,

*Appellants*.

On Appeal from the U.S. District Court
for the District of Columbia, No. 1:25-cv-00542-RBW
(Hon. Reggie B. Walton)

**APPELLEES' REPLY IN SUPPORT OF MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT**

Caleb Thompson
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th St.
New York, NY 10019
(212) 836-8000
Caleb.Thompson@arnoldporter.com

Elisabeth S. Theodore
Daniel R. Yablon
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
Elisabeth.Theodore@arnoldporter.com
Daniel.Yablon@arnoldporter.com

*Counsel for Appellees Travis LeBlanc and Edward Felten*

After repeatedly telling this Court that the issues presented in this appeal were so urgent as to merit emergency relief and forcing Appellees to respond to a stay motion on an extremely expedited timeline, the government now contends that the case does not warrant expedited treatment at all. It does not dispute that denying this motion will effectively deny relief to Edward Felten, one of two Appellees here, even though he prevailed in the district court on final judgment. If this case was important enough to merit the filing of an emergency stay motion and request for administrative stay, the Department should be prepared to litigate the merits in an expedited manner. The schedule Appellees request is no more expedited than the schedule this Court has entered in other officer-removal cases, and none of the government's arguments support denying expedition.

*First*, the government contends that the parties will not have "adequate time to brief the issues" under Appellees' proposed schedule, citing other briefing deadlines as well as one of its attorney's plans to take a three-week vacation. Opp. 7. But these considerations should not trump Dr. Felten's right to obtain meaningful judicial review and relief. The Department of Justice has thousands of attorneys, and if this case is as important to it as the Department claimed in its stay motion, the Department can find an attorney who can handle expedited briefing. Indeed, argument in the district court in this case was presented by a political appointee in the Civil Division front office, not a career attorney. The Department appeared to

1

have no trouble juggling deadlines and preparing a highly substantive stay motion addressing the statutory and other arguments in this case in less than two weeks, to which Appellees were allowed only one week to respond. The government should not be able to insist on swift action by opposing parties and courts when it suits it, but refuse to act swiftly and complain that it is too busy (or on vacation) when opposing parties invoke the same interest in expedition.

The government's arguments about competing obligations are especially unpersuasive because the briefing obligations that the government cites as reason to delay briefing here were *themselves delayed* as a consequence of the government's stay motion here. For example, in *New York v. Trump*, the government asked this Court to delay its reply deadline in light of, among things, its "stay reply" filed in this case. Mot. for Extension of Time, *New York v. Trump*, Nos. 23-5103, 24-5047 (D.C. Cir. June 10, 2025). And in *Oak Lawn Respiratory & Rehabilitation Center LLC v. U.S. Small Business Administration*, the government cited its "motion for a stay pending appeal" and "reply in support of stay motion" in this case as among counsel's competing obligations that justified an extension. Mot for Extension of Time, *Oak Lawn Respiratory & Rehab. Ctr. LLC v. U.S. Small Bus. Admin.*, Nos. 25-1346, 25-1347, 25-1348 (7th Cir. June 3, 2025).

The government should not be allowed to secure other delays to enable it to brief motions for emergency relief in this appeal, and then turn around and cite those

2

very delays as a reason why it can't continue to brief this case expeditiously. The government's decision to prioritize the briefing of the stay motion in this case ahead of the deadlines in those other cases reflects the importance of this case, and that the government can prioritize this case over other cases when doing so suits it.

Nothing about Appellees' proposed schedule will prevent the Court from giving sufficient consideration to the legal issues in this case. *Cf.* Opp. 8. The government has filed *three* lengthy briefs addressing the issues in this case, and the arguments have been developed by the parties at length, including with the participation of the Department's appellate attorneys. The government urged the special panel to issue a stay on the basis of far more expedited briefing. If the government's position is that a quick briefing schedule can lead the Court to get it wrong, that is all the *more* reason to expedite this case so that Appellee Felten is not permanently denied relief on the basis of a stay motion to which Appellees had only one week to respond.

The merits panel will of course take the time that it believes it needs to decide these issues. But if the Court declines to expedite briefing and oral argument, it will be too late even if the merits panel determines that Appellees and the district court are correct. Moreover, Appellees' requested schedule is in line with the expedited briefing schedules this Court has set in recent officer-removal cases. *See* Order, *Dellinger v. Bessent*, No. 25-5052 (D.C. Cir. Mar. 5, 2025) (allowing approximately

3

two weeks for opening and response briefs and one week for reply); Order, *Harris v. Bessent*, No. 25-5037 (D.C. Cir. Mar. 18, 2025) (setting "highly expedited schedule for briefing on the merits" allowing approximately 10 days per side on the parties' mutual agreement).

The government also argues that Appellees are likely to raise "alternative arguments" in their briefing to which the government will only have a week to respond in its reply. This is utterly silly. All of the so-called "alternative" arguments the government cites concern the *text* of the law at issue here or changes made to the law by Congress in 2007—issues that the government will surely address in its opening brief. Those arguments were specifically addressed by the district court, which did not remotely "reject[]" them, Opp. 9, but rather held that they supported Appellees' argument that the "structure and function" of the PCLOB statute imposed a removal protection. *See, e.g.*, Dist. Ct. Op. 28 n.17 (explaining that Congress's amendments to PCLOB's organic statute were relevant to "the PCLOB's structure and function"); Dist. Ct. Op. 34 (discussing the effect of Congress "enacting the changes it did in 2007"). In other words, the "history of amending the PCLOB statute in 2007" that the government pretends will come as a surprise, Opp. 9, was among the explicit bases for the district court's judgment in favor of Appellees.

*Second*, the government argues that the Court will retain jurisdiction to resolve this case because one Appellee's term does not expire until January 29, 2028.

4

Opp. 10-11. But Appellees have never contended that the case will be *mooted* absent expedited treatment. The prospect that one of the two individuals whose rights are at issue in this case will be forever denied relief on the basis of an emergency stay motion is surely a "basis for expedition." Opp. 11. That is especially so when Appellees won below on final judgment after full merits briefing.

The government also continues to argue that removed officials have no sufficient interest in reinstatement—an argument the en banc Court has definitively rejected, *see Harris v. Bessent*, No. 25-5037, 2025 WL 1021435, at *2 (D.C. Cir. Apr. 7, 2025)—and that Dr. Felten's current term is a holdover term. But the statute gives him an unambiguous personal right to serve that holdover term until a replacement is appointed (none has even been nominated), as the district Court held. 42 U.S.C. § 2000ee(h)(4)(D) ("Upon the expiration of the term of office of a member, the member may continue to serve for up to one year after the date of expiration, *at the election of the member* …"); *see* Dist. Ct. Op. 12.

The government also argues that the need to complete a Section 702 report in advance of that authority's statutory sunset does not support expedition because there is no chance of relief in time to finish the substance of the report. Opp. 12. That is incorrect. Appellees had the opportunity to advance work on the report during the period of their reinstatement from May through June, and reinstating them now or this fall—which is possible under the schedule Appellees propose—would

5

allow for the issuance of the report.  Nor, as the government contends, Opp. 12, is a staff report equivalent to a report by congressionally-appointed Board members.  *See* Dist. Ct. Op. 63 (rejecting government's argument that the possibility for a "Staff Report" eliminated any harm and explaining that "the President's removal of the plaintiffs … deprives the Board of the very structure and function that Congress constructed").  The PCLOB statute does not contemplate or mention staff reports, they are not required to be sent to Congress, and they carry no authority.

*Third*, the government contends that Appellees did not act with sufficient dispatch.  That, too, is incorrect.  The government begins by misstating the facts in this case, asserting that appellees were terminated on "January 21."  Opp. 3.  Appellees were terminated on January 27, not January 21—indeed, they were working all the way up to January 27 when they were unlawfully terminated.  Dist. Ct. Op. at 13, 70.  Appellees obtained counsel and promptly filed suit less than a month later, immediately reached out to the government to seek agreement on a schedule for expedited treatment, and indicated that they would file a motion for a preliminary injunction if agreement could not be reached.  After negotiations, the parties agreed to an expedited schedule in which the four briefs on cross-motions for summary judgment would be filed between March 12 (when Appellees filed their opening summary judgment brief) and April 23, and jointly asked the court to "issue a decision as soon as practicable."  Joint Motion for Expedited Consideration, ECF

6

9 (March 12, 2025). The district court held argument on April 30 and entered final judgment reinstating Appellees on May 21, 2025.

Nothing about that schedule was inconsistent with the need for expedition now. It allowed for potential reinstatement by May 2025, which Appellees believed was sufficient to allow meaningful relief. The government faults Appellees for not seeking a preliminary injunction, Opp. 1, 4, but the parties specifically agreed to expedited merits briefing in lieu of a "preliminary injunction," ECF 9 at 1, including to reduce duplicative motions practice. Appellees correctly concluded that a preliminary injunction was unnecessary to obtain meaningful relief, but things are different now that four months have passed and given the realities of this Court's ordinary schedule for holding oral argument and issuing decisions.

The government also argues that Appellees should have moved for expedition when the appeal was filed, or immediately upon the special panel's decision to grant a stay. Opp. 10. But Appellees had no need to move for expedition when the appeal was filed because they had won in the district court and had been reinstated—there would have been no good cause for such a motion. And Appellees moved exceptionally swiftly once the stay was granted. Within a *single day*, Appellees sought en banc review and an administrative stay, which they hoped would provide more immediate relief from the stay decision. Petition for Rehearing En Banc (July 2, 2025). That petition cited the same need for immediate relief that Appellees have

7

presented in this motion. So the government's statement that "at almost every turn, plaintiffs have forgone the opportunity to move quickly," is not well-taken. Opp. 10. Indeed, Appellees' turn-around time for seeking en banc review and an administrative stay—a single day—was 9 times faster than the government's turn-around time for moving for an emergency stay pending appeal. Presumably, the government does not believe that its own decision to wait until May 30, 2025 to seek a stay of the district court's May 21, 2025 decision "belied" its "claim to urgency." Opp. 6.

Having not secured an administrative stay from the en banc court, Appellees reached out to the government to discuss expedited briefing, and after failing to secure an agreement after a discussion over the course of several days, filed the instant motion. That Appellees did not immediately bombard the Court with all possible expedition-related motions at once does not somehow suggest that they have acted inconsistently with the need for prompt resolution of this appeal. Nor does it undermine the reality that Dr. Felten likely will be denied relief unless this case is expedited or the en banc Court grants the pending petition for rehearing and immediate administrative stay.

*Fourth*, the government's proposed schedule offers no meaningful expedition at all. Opp. 6-7. Under that schedule, the reply brief would be due on October 7, nearly three months from now, and a decision from this Court would be unlikely

8

before December at the earliest. The government's token "offer" thus reflects nothing more than a play to run out the clock.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court grant this motion and expedite consideration of this appeal.

Dated: July 17, 2025

Caleb Thompson
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th St.
New York, NY 10019
(212) 836-8000
Caleb.Thompson@arnoldporter.com

Respectfully submitted,

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore
Daniel R. Yablon
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
Elisabeth.Theodore@arnoldporter.com
Daniel.Yablon@arnoldporter.com

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rules of Appellate Procedure 27(d)(2) and 32(g)(1), that the foregoing reply contains 2,099 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f). I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

Dated: July 17, 2025

Respectfully submitted,

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Appellees Travis LeBlanc and Edward Felten*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025, I caused the foregoing document to be electronically filed using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Appellees Travis LeBlanc and Edward Felten*