**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7243
Washington, DC 20530

Tel: (202) 514-8280

November 16, 2026

VIA CM/ECF

Mr. Clifton Cislak
Clerk, United States Court of Appeals
for the District of Columbia Circuit
United States Courthouse
Third and Constitution Avenue, NW
Washington, D.C. 20001

RE: *Leblanc v. U.S. Privacy and Civil Liberties Oversight Board*, No. 25-5197 (oral argument scheduled for November 17, 2026)

Dear Mr. Cislak:

*Abramowitz v. Lake*, No. 25-5314 (D.C. Cir. Nov. 10, 2026), barred an "attempted" removal by officials without "final authority over hiring or firing." Slip op. 2. It has no application here.

Network heads like the *Abramowitz* plaintiff were once "appoint[ed] and remov[able]" by the Agency for Global Media's (AGM's) CEO. Slip op. 2-3. But now a separate agency, the International Broadcasting Advisory Board, has "control over" their "hiring and firing." Slip op. 4. They may be removed by that Board's majority vote at the CEO's request or supermajority vote without such a request. *Id.*

AGM officials nonetheless "inform[ed]" Abramowitz that they "had made the decision to remove him." Slip op. 6. He sued under the APA, and the district court "entered a permanent injunction barring defendants 'from removing [him]" without the vote of the Broadcasting Board. *Id.* This Court affirmed, holding that Abramowitz could be removed only by Board vote and that the district court could "enjoin" AGM officials "from removing" him. Slip op. 15-20.

Unlike in *Abramowitz*, the President is incontrovertibly the official who can remove PCLOB members, and the President actually did so. *See, e.g.*, A174-177 (addressing plaintiffs' "reinstatement"); Pl.Br.40-55 (urging this Court that they "Were Entitled to Reinstatement"). *Abramowitz* said nothing about permanently "reinstat[ing] a removed officer." Letter 1. The remedy there "enjoin[ed]" officials "from removing" Abramowitz. Slip op. 19-20; *see* slip op. 10-11 (contrasting "reinstatement" with "keeping [an official] in the job"); slip op. 14 ("Rather than seeking reinstatement … Abramowitz seeks an injunction against unlawful interference with his head-of-network position."). And *Abramowitz* did not involve "de facto" remedies (Letter 1), which could not "'officially' reinstate" someone. *Severino v. Biden*, 71 F.4th 1038, 1043 (D.C. Cir. 2023).

*Abramowitz* was decided without briefing about *Trump v. Cook*, 609 U.S. 528 (2026). *Cook* explained that courts at equity "could not finally determine whether a plaintiff was validly removed"—a question for "court[s] of law," *e.g.* through "mandamus." *Id.* at 548. *Abramowitz* did not address *Cook*'s reaffirmation of the rule against injunctions requiring reinstatement. And extending *Abramowitz* to a request for permanent reinstatement would contravene *Cook*. *See* Gov.Supp.Br.17-18; Gov.Supp.Resp.Br.8-9.

Sincerely,

*/s/ Adam Jed*
Adam C. Jed

cc: Counsel of Record (via CM/ECF)